UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRENT ADLER,

Plaintiff,

v.

FERNANDO GONZALEZ, et al.,

Defendants.

_________________________________/

CASE NO. 1:11-cv-1915-LJO-MJS PC

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

(ECF No. 16)

ORDER VACATING SCREENING ORDER

(ECF No. 12)

ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME AND STRIKING MOTIONS TO DISMISS

(ECF NOS. 23, 29, 30)

## I. PROCEDURAL HISTORY

Plaintiff Brent Adler ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's First Amended Complaint, found that it stated a claim, and ordered Plaintiff's First Amended Complaint to be served on Defendants. (ECF No. 12.)

Before the Court is Plaintiff's motion for reconsideration of the Court's screening order. (Mot., ECF No. 16.) Also before the Court is Defendants' motion for an extension of time to file an unenumerated Fed. R. Civ. P. 12(b) motion. (ECF No. 23.) Both motions are ready for ruling.

///

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the District Court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event not more than one year after the judgment, order, or proceeding was entered or taken. Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

Here, Plaintiff seeks relief from the Court's screening order which found that Plaintiff failed to state a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (ECF No. 12 at 2.) The Court initially concluded that Plaintiff had failed to properly state any claim under this statute. Upon further consideration of the controlling authorities and facts and circumstances of this case, the Court finds that Plaintiff may be able to allege facts sufficient to state a cognizable RLUIPA claim and that the relief sought herein is supported by good cause.

## III. DEFENDANTS' MOTION FOR AN EXTENSION OF TIME

In light of the Court's decision to grant Plaintiff's motion for reconsideration, the Court will issue an amended screening order and direct Defendants to file an amended responsive pleading after the order has been issued. Once Defendants have filed an amended responsive pleading, the Court will issue an amended scheduling order, if necessary, with a new deadline for filing dispositive motions.

Accordingly, the Court will grant Defendants' motion for an extension of time (ECF No. 23) but will wait to set a deadline for filing dispositive motions until the Court has issued an amended screening order and Defendants have filed a responsive pleading.

In the interim period Defendants filed motions to dismiss which will be stricken and may be re-filed once the Court re-issues its screening order.

## IV. ORDER

Plaintiff having met his burden as a party moving for reconsideration, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 16) be granted;

2. The Court's screening order finding that Plaintiff stated a cognizable claim (ECF No. 12) is vacated;

3. Defendants' motions to dismiss are stricken (ECF Nos. 29 & 30);

3. The Court will reissue an amended screening order;

4. Defendants shall file an amended responsive pleading thirty days after the amended screening order is issued;

6. Defendants' motion for an extension of time in which to file an unenumerated Fed. R. Civ. P. 12(b) motion (ECF No. 23) is granted;

7. The Court will issue an amended scheduling order, if necessary, once Defendants have filed an amended responsive pleading; and

///

///

///

8. The Court will set out the new deadline for filing dispositive motions when it issues its amended scheduling order.

IT IS SO ORDERED.

Dated: February 1, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE