# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>    Plaintiff,<br><br>v.<br><br>FERNANDO GONZALEZ, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01915-LJO-MJS (PC)<br><br>**ORDER (1) DENYING DEFENDANTS' UNENUMERATED RULE 12(b) MOTION WITHOUT PREJUDICE, (2) VACATING DISCOVERY STAY, (3) DENYING DEFENDANTS' REQUEST TO CONVERT, (4) REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING OR MOTION WITHIN THIRTY DAYS, and (5) DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**(ECF Nos. 39, 40, 44, 46)** |

    Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Negrete, Zanchi, Carrasco, Holland, Holmstrom, Gonzalez, Steadman, Bryant, Schuyler, Lundy, and Stainer on a First Amendment claim for damages and against Defendants Gonzales, Holland, Carrasco, Negrete, Steadman, Zanchi, Bryant, Lundy, Schuyler, Holmstrom on a Religious Land Use and Institutionalized Persons Act claim for damages.

    On September 16, 2013, Defendants Holmstrom, Carrasco, Lundy, Zanchi, Schuyler, Negrete, Gonzalez, Holland, Steadman, Bryant and Stainer filed a motion to dismiss certain claims under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a); Fed.

1

1    R. Civ. P. 12(b). Plaintiff filed opposition and Defendant replied.

2        On September 30, 2013, the Court stayed Defendants' response to then pending
3    discovery until ruling on the instant motion to dismiss.

4        On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a
5    decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to
6    the proper procedural device for raising the issue of administrative exhaustion. *Albino v.*
7    *Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following
8    the decision in *Albino*, Defendants may raise the issue of exhaustion in either (1) a motion
9    to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the
10   face of the complaint, or (2) a motion for summary judgment. *Albino*, 2014 WL 1317141, at
11   *4. An unenumerated Rule 12(b) motion is no longer the proper procedural device for
12   raising the issue of exhaustion. *Id.*

13       On April 21, 2014, Plaintiff filed a motion to compel further responses to unspecified
14   requests for production of documents, admissions and interrogatories purportedly served
15   on Defendants in December 2013 and responded to by Defendants in March 2014.
16   Defendants filed opposition. Plaintiff has not filed a reply and the time for doing so has
17   expired. Local Rule 230(*l*).

18       On June 9, 2014, Defendants filed a motion to convert the 12(b) motion to a Rule 56
19   motion for summary judgment.

20       The unenumerated Rule 12(b) motion is procedurally deficient in light of the decision
21   in *Albino* and will be denied, without prejudice, and the discovery stay will be vacated.
22   Because the Rule 12(b) motion does not contain all that a motion for summary judgment
23   would require and to ensure proper notice to Plaintiff of such a motion, the motion to
24   convert shall be denied.

25       Plaintiff's motion to compel shall be denied because it was served after the June 18,
26   2013 discovery deadline (see ECF No. 18). Plaintiff erroneously claims the Court extended
27   discovery at his request. The docket reflects no such extension. Even if the discovery
28   motion were timely, Plaintiff does not demonstrate the Defendants were properly served

with discovery. Defendants in their opposition state they were not. They also point to the September 30, 2013 discovery stay. Plaintiff has not responded to Defendants' contentions.

If Plaintiff believes he needs and is entitled to additional discovery he may motion the Court to reopen discovery and modify scheduled deadlines. Any such motion should specifically explain what is needed, why it is relevant to this action and reasonably calculated to lead to the discovery of admissible evidence, and why discovery was not completed prior to the deadline.

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. The unenumerated Rule 12(b) motion filed September 16, 2013 (ECF No. 39) is DENIED, without prejudice, on procedural grounds,
2. The discovery stay (ECF No. 40) is VACATED,
3. The request to convert the 12(b) motion filed June 9, 2014 (ECF No. 46) is DENIED,
4. Plaintiff's motion to compel discovery (ECF No. 44) is DENIED without prejudice, and
5. Defendants shall, within **thirty (30) days** from the date of service of this Order file a responsive pleading or motion.

IT IS SO ORDERED.

Dated:  June 20, 2014        /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE

3