UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>        Plaintiff,<br><br>   v.<br><br>F. GONZALEZ, et al.,<br><br>        Defendants. | Case No.  1:11-cv-1915-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS**<br><br>**(ECF No. 49)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.      PROCEDURAL HISTORY**

Plaintiff is a former state prisoner who initiated this civil rights action pro se and in forma pauperis on November 17, 2011. (ECF No. 1.) Plaintiff since has been released from prison and obtained counsel. (ECF Nos. 36 & 51.) This action proceeds against Defendants Negrete, Zanchi, Carrasco, Holland, Holmstrom, Gonzalez, Steadman, Bryant, Schuyler, Lundy, Stainer, and Does Nos. 1, 2, 4, 5, and 6 on Plaintiff's First Amendment freedom of religion claim, and against the same Defendants, with the exception of Defendant Stainer, on Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim. (ECF Nos. 37 & 38).

Before the Court is Defendants' July 21, 2014 motion for partial summary

judgment on some of Plaintiff's First Amendment claims on exhaustion grounds, and motion to dismiss Plaintiff's RLUIPA claims and his claims against Defendant Holmstrom pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 49.) Plaintiff, through counsel, opposes the motions. (ECF No. 53.) Defendants filed a reply. (ECF No. 55.) This matter is deemed submitted.[1]

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

### B. Motion to Dismiss

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of

---

[1] Local Rule 230(*l*) provides that motions filed in cases wherein one party is incarcerated and proceeding pro se shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Here, Plaintiff was not incarcerated at the time the motion was filed and now is represented by counsel. Nevertheless, neither party has requested a hearing and the Court has determined that the motion may be submitted upon the record and briefs on file pursuant to Local Rule 230(g). Accordingly, the motion is hereby deemed submitted.

a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998, and pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**III.    FACTUAL SUMMARY**

Based on the submissions of the parties (ECF Nos. 49-5 & 53-2), the Court finds that the following facts are undisputed.

1. Plaintiff was housed at California Correctional Institution (CCI) between November 5, 2008 and January 31, 2011.
2. On December 13, 2009, Plaintiff filed an inmate grievance, Appeal Log No. CCI-09-01933, regarding restrictions on the practice of his religion at CCI.
3. Appeal Log No. CCI-09-01933 was the only grievance relating to restrictions on Plaintiff's religious practices that was appealed to the third level of review, and therefore the only grievance that was administratively exhausted.
4. In Appeal Log No. CCI-09-01933, Plaintiff stated as follows:

> This is an inmate appeal pursuant to CCR Title 15 3304(c) Rights and Respect to Others, 3210 Establishment of Religious Programs and Scheduled Services. I am appealing that prison officials at CCI are willfully and unlawfully violating my right to religious group programs. I have been

3

>housed on Facility IV-A since Nov. 5 2008 after transferring from Facility IV-B. Currently and throughout the previous year I have been denied the right to weekly group services and individual visits to the chapel or meetings with a spiritual advisor as a result of an incident in April 2008. I am being denied access as a form of retaliation and retribution towards myself and the population, not security concerns. General Population inmates are being treated like ASU and SHU inmates when having to deal with their spiritual advisors. I am a general population and have been as of 12-05-08. I have been A1/A since May 2009, A2/B 12-05-08 through May on a S.S. waiting list. My rights at CCI Facility IV-A are currently being violated pursuant to the Institutionalized Persons Act of 2000 and Religious Land Use. I claim that my rights to freedom of religious expression, pursuant to the First Amendment is unlawfully being violated by Doe's 1-10, as a form of ongoing retaliation and retribution in violation of State and Federal Laws.
>
>Since my arrival at CCI Facility IV-A prison officials have denied my proper access to his personal Spiritual Advisor without due process of the Law.

5. In Appeal Log No. CCI-09-01933, Plaintiff sought the following relief:

>That I be allowed to go to weekly group services and individual visits to the chapel, or meetings with a Personal Spiritual Advisor, and that I do not have to give up my scheduled yard program in order to go see my personal spiritual advisor.

6. Plaintiff's first amended complaint alleges that numerous restrictions were placed on his ability to practice his Catholic religion at CCI, including the following: he was unable to attend group worship, take sacramental bread and wine, participate in confession, attend religious services, celebrate religious holidays, follow a religious diet when necessary, obtain spiritual advice, consistently maintain ownership of a Bible, or secure a rosary. While confined in Ad-Seg, he was denied religious visitations and literature. Following his release from Ad-Seg, all inmates were restricted to "in-cell" religious services. During this time, Plaintiff did not have access to religious items and services, and could not confess his sins, participate in group prayer and discussion, take communion, speak with a spiritual advisor, or receive a

4

       Bible or rosary. Also during this time, numerous modified programs ("PSRs") were issued, curtailing Plaintiff's ability to satisfy his religious requirements. Even when there were no PSRs in place, no religious services were held.

## IV. ANALYSIS

### A. Motion for Summary Judgment for Failure to Exhaust

#### 1. Legal Standard – Exhaustion

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." Id. Instead, the grievance must "alert the prison to the nature of the wrong for which redress is sought," and must give the prison an opportunity "to reach the merits of the issue." Id. at 1120-21.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust the administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust the available administrative remedies. See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative defense). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the district judge should decide disputed factual questions relevant to

exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1170-71.

### 2. Parties' Arguments

The parties agree that Plaintiff exhausted one administrative grievance regarding restrictions on his religious practices at CCI. There is no dispute regarding the content of the grievance. The parties dispute only whether Plaintiff's grievance can or should be construed to encompass all of the First Amendment claims raised in Plaintiff's first amended complaint.

Defendants argue that Plaintiff's grievance exhausted his claims that he could not attend group religious services, access the chapel, or meet with a spiritual advisor. However, Plaintiff did not exhaust his claims that he was unable to take sacramental bread and wine, participate in confession, celebrate religious holidays, follow a religious diet, possess a rosary, or maintain ownership of a Bible. (ECF No. 49.)

Plaintiff argues that his grievance was sufficiently broad to put Defendants on notice of all of the allegations contained in his first amended complaint. He asserts that it was Defendants' burden to investigate the details of his allegations, and he points out that he was never interviewed regarding his grievance.[2] He claims that there are disputed issues of material fact regarding "the scope of the notice and investigation of the grievance and appeals." He also contends that there are disputed issues of material fact regarding whether his First Amendment rights were violated.

### 3. Discussion

Plaintiff's assertion that there are disputed issues of material fact regarding whether his First Amendment rights were violated is not relevant to the instant motion,

---

[2] Plaintiff argues that the response to his grievance states that he was not interviewed because he had filed numerous grievances on the same issue, when in fact he only filed one. (ECF No. 53-1 at 2.) However, the Director's Level Decision on Plaintiff's appeal clarifies that Plaintiff was not interviewed because multiple appeals of the same issue were filed by different inmates. (ECF No. 49-2 at 10.) Accordingly, it does not appear that prison officials were under the mistaken impression that Plaintiff had filed multiple appeals. Additionally, as discussed below, Plaintiff has no constitutional entitlement to a specific grievance procedure.

which addresses only whether Plaintiff exhausted his administrative remedies. This motion does not reach the merits of his claims.

Plaintiff claims there are disputed issues of material fact regarding the scope of his grievance and appeal. There are not. Defendants submitted a copy of Plaintiff's grievance and appeal records. (ECF No. 49-2 at 4-11.) Plaintiff agrees that the documents submitted by Defendants accurately set forth his grievance. (See ECF No. 53-2.) There is no dispute regarding the content of Plaintiff's grievance.

The issue is whether Plaintiff's grievance "provide[d] enough information . . . to allow prison officials to take appropriate responsive measures." Johnson v. Testman, 380 F.3d 691, 697 (3d Cir. 2004), cited with approval in Griffin, 557 F.3d at 1121. Such a dispute regarding the legal significance of undisputed facts is a question of law suitable for disposition on summary judgment. See Wash. Mut., Inc., 636 F.3d at 1216.

Plaintiff's grievance was specific. It complained of lack of access to group programs and services, individual visits to the chapel, and meetings with a spiritual advisor. It sought access to group services, visits to the chapel, meetings with a spiritual advisor, and maintenance of his scheduled yard program. Plaintiff's grievance adequately notified prison officials of these specific complaints.

When combined with these specific complaints, Plaintiff's general reference to the First Amendment and RLUIPA was not sufficient to notify prison officials of Plaintiff's other specific complaints, such as his inability to take sacramental bread and wine, participate in confession, celebrate religious holidays, follow a religious diet, possess a rosary, or maintain ownership of a Bible. See McCollum v. CDCR, 647 F.3d 870, 876-77 (9th Cir. 2011) (finding that claim of religious discrimination predicated on institution's failure to provide Wiccan chaplains was not exhausted by grievances addressing other problems encountered by Wiccan inmates). Viewing the grievance in the light most favorable to Plaintiff, as the Court is required to do at this stage of the proceedings, the Court cannot conclude that Plaintiff's grievance gave notice of and exhausted these complaints.

1 Accordingly, the Court will recommend that Defendants' motion for partial
2 summary judgment be granted, and that judgment be entered in favor of Defendants on
3 Plaintiff's First Amendment claims, with the exception of his claims that he was denied
4 group programs and services, visits to the chapel, and meetings with a spiritual advisor.

### B. Motion to Dismiss for Failure to State a RLUIPA Claim

#### 1. Parties' Arguments

7 Defendants argue that Plaintiff's RLUIPA claims should be dismissed pursuant to
8 the United States Court of Appeals for the Ninth Circuit's recent decision in Wood v.
9 Yordy, 753 F.3d 899, 902-04 (9th Cir. 2014). Defendants argue that, pursuant to Wood,
10 no relief is available to Plaintiff under RLUIPA. Specifically, injunctive relief is not
11 available because Plaintiff is no longer incarcerated at CCI, and monetary relief is not
12 authorized by RLUIPA. (ECF No. 49-1 at 7.)

13 Plaintiff concedes monetary relief is not available under RLUIPA. (ECF No. 53 at
14 2.) He otherwise does not respond to Defendants' argument or offer any reason his
15 RLUIPA claims should not be dismissed.

#### 3. Discussion

17 RLUIPA does not permit suits against government employees in their individual
18 capacities. Wood v. Yordy, 753 F.3d 899, 902-04 (9th Cir. 2014). Neither does it permit
19 suits for money damages against government employees in their official capacities.
20 Sossamon v. Texas, 131 S. Ct. 1651, 1660 (2011). Accordingly, only official capacity
21 suits seeking prospective relief are permitted.

22 At the time Plaintiff filed his first amended complaint, he no longer was
23 incarcerated at CCI. (ECF No. 8.) Nothing in the submissions of the parties indicates a
24 likelihood that Plaintiff will return to CCI. Accordingly, injunctive relief is not available to
25 Plaintiff. See City of Los Angeles v. Lyons, 461 U.S. 95, 102-05 (1983); Preiser v.
26 Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.
27 1991); Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Plaintiff's claim

for declaratory relief previously was dismissed. (ECF No. 37.) No prospective relief is available to Plaintiff.

Based on the foregoing, the Court will recommend that Plaintiff's RLUIPA claims be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### C. Motion to Dismiss for Failure to State a Claim Against Holmstrom

#### 1. Parties' Arguments

Defendants argue that Defendant Holmstrom should be dismissed because Plaintiff's complaint fails to allege a cognizable claim against her. (ECF No. 49-1 at 8.) Specifically, Defendants contend that the complaint alleges only that Defendant Holmstrom failed to "adequately investigate" Plaintiff's grievance, and that this allegation does not provide a sufficient basis for a civil rights claim. (Id.)

Plaintiff does not respond to this argument or present any reason why Defendant Holmstrom should not be dismissed. (ECF No. 53.)

#### 2. Discussion

The Court previously screened Plaintiff's complaint and found that it stated a cognizable First Amendment claim against Defendant Holmstrom (and other defendants involved in the review of Plaintiff's grievance) for failing to ensure Plaintiff had access to religious services. (ECF No. 37 at 9.) However, upon further review of the complaint, it does not appear that the complaint alleges sufficient facts to support a First Amendment claim against Defendant Holmstrom.

Plaintiff's first amended complaint alleges that Defendant Holmstrom reviewed Plaintiff's appeal at the Director's Level of Review. (ECF No. 8 at 19.) He faults Defendant Holmstrom for not investigating the allegations contained in his grievance. He notes that Defendant Holmstrom stated, "CCI staff have attested that group services are regularly scheduled and that the Institution has conformed with the California Code of Regulations Section 3210."

Plaintiff does not have a constitutional right to a particular inmate grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Defendant Holmstrom's alleged failure to investigate Plaintiff's allegations, standing alone, does not state a cognizable claim. Furthermore, the facts alleged do not indicate that Defendant Holmstrom personally was involved in the deprivation of Plaintiff's First Amendment rights. See Iqbal, 556 U.S. at 677. Nor do they suggest that Defendant Holmstrom knew of the alleged violations but failed to act to prevent them. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Rather, the facts alleged suggest that Defendant Holmstrom inquired into Plaintiff's allegations, and was informed by staff that no violations had occurred.

Accordingly, Plaintiff's first amended complaint fails to state a claim against Defendant Holmstrom, and the Court will recommend that Defendant Holmstrom be dismissed.

## VI.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendants' motion for partial summary judgment and to dismiss (ECF No. 49) be GRANTED;
2. Judgment be entered in favor of Defendants on Plaintiff's First Amendment claims, with the exception of his claims that he was denied group programs and services, visits to the chapel, and meetings with a spiritual advisor;
3. Plaintiff's RLUIPA claims be dismissed;
4. Defendant Holmstrom be dismissed; and
5. The case remain open for resolution of Plaintiff's remaining First Amendment claims.

These Findings and Recommendations are submitted to the United States

District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  October 14, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE