1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

12  BRENT ADLER,                              CASE NO. 1:11-cv-1915-LJO-MJS (PC)

13              Plaintiff,                    **ORDER DENYING PLAINTIFF'S MOTION
                                             FOR SETTLEMENT CONFERENCE**
14        v.
                                             **(ECF No. 58)**
15  F. GONZALEZ, et al.,

16              Defendants.

17

18        Plaintiff is a former state prisoner who initiated this civil rights action pro se and in

19  forma pauperis on November 17, 2011. (ECF No. 1.) Plaintiff since has been released

20  from prison and obtained counsel. (ECF Nos. 36 & 51.)

21        The action proceeds against Defendants Negrete, Zanchi, Carrasco, Holland,

22  Holmstrom, Gonzalez, Steadman, Bryant, Schuyler, Lundy, Stainer, and Does Nos. 1, 2,

23  4, 5, and 6 on Plaintiff's First Amendment freedom of religion claim, and against the

24  same Defendants, with the exception of Defendant Stainer, on Plaintiff's Religious Land

25  Use and Institutionalized Persons Act ("RLUIPA") claim. (ECF Nos. 37 & 38).

26        Before the Court is Plaintiff's October 8, 2014 motion for a settlement conference.

27  (ECF No. 58.) In a declaration attached to the motion, Plaintiff's counsel states that this

28  case is nearly three years old, and that "public policy favors resolutions rather than

1   prolonged multi-year litigation that would be fruitless compared to a settlement

2   conference." (Id.) Counsel also states that he asked opposing counsel to join in the

3   motion, and that opposing counsel declined.

4        This is Plaintiff's second request for a settlement conference. (See ECF No. 48.)

5   His prior request was denied by the Court on September 30, 2014, eight days prior to

6   the instant request. (ECF No. 57 at 4 n.1.) The Court noted that Defendants were not, at

7   that time, willing to pursue a settlement conference in this matter. (Id.) Plaintiff's

8   statement that defense counsel was unwilling to join in the instant motion indicates that

9   the defense posture did not change in the intervening eight days. Indeed, Defendants

10  have since filed an opposition to the motion. (ECF No. 60.) As previously stated, the

11  Court will not refer a case to formal settlement talks unless all parties agree such

12  negotiations might be productive. Local Rule 271(b)(4).

13       Accordingly, Plaintiff's motion for settlement conference (ECF No. 58) is HEREBY

14  DENIED without prejudice.

15
16  IT IS SO ORDERED.

17  Dated:   __October 30, 2014__          /s/ _Michael J. Seng_

18                                        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28