UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>        Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-1915-LJO-MJS (PC)<br><br>**ORDER:**<br><br>1) **DENYING MOTION FOR CONTINUANCE (ECF No. 71); AND**<br><br>2) **EXTENDING TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT UNTIL JUNE 26, 2015** |

Plaintiff is a former state prisoner who initiated this civil rights action *pro se* and *in forma pauperis* on November 17, 2011. (ECF No. 1.) Plaintiff since has been released from prison and obtained counsel. (ECF Nos. 36 & 51.) His action proceeds against Defendants on a First Amendment freedom of religion claim. (ECF Nos. 37, 38, 59, 62.)

On April 10, 2015, Defendants filed a motion for summary judgment. Hearing on the motion was set for June 12, 2015. (ECF No. 64.) Plaintiff's opposition was due May

28, 2015. Local Rule 230(c). Plaintiff has not filed an opposition. On June 2, 2015, the Court ordered that it would deem the matter submitted on June 12, 2015 unless Plaintiff showed good cause for failing to timely file an opposition. (ECF No. 70).

On June 3, Plaintiff's counsel filed a "Counsel Stipulation to Request a Continuance Date of Motion for Second Summary Judgment." (ECF No. 71.) It is unclear what is meant by the request to "Continue Date of Motion." Since the hearing for oral argument is waived, the Court assumes Plaintiff's counsel is requesting additional time to file an opposition.  Hoverer, he presents no good cause, nor any cause whatsoever, for granting a request for continuance or any other relief. The motion for summary judgment has been pending since April 10, 2015. Plaintiff's opposition was due on May 28, 2015. Local Rule 230(c). His request to extend that deadline, if that is what it is, is untimely. See Local Rule 144(d).

Were Plaintiff proceeding *pro se*, such lapses might be excusable.  However, Plaintiff has been represented by his attorney since September 2014. (ECF No. 51.) Attorneys have a duty not only to the client but also to the Court to know and follow the rules of procedure. CAL. RULES OF PROF'L CONDUCT R. 3-110. They should be held responsible for their failure to follow them.

All of the above factors militate in favor of denying the request for additional time (if that is what Plaintiff's counsel seeks) and ruling on the motion for summary judgment as if it were unopposed.  That, however, would likely force the client to bear the adverse consequences of his attorney's failures.  Accordingly, the Court will grant Plaintiff an additional 21 days, i.e., until June 26, 2015, but not beyond, to file an opposition to the motion for summary judgment.

**I.     ORDER**

Based on the foregoing, the Court HEREBY ORDERS:

1) The Stipulation, taken as a request for a continuance (ECF No. 71), is DENIED;

2) Plaintiff shall file opposition, if any, to the motion for summary judgment (ECF No. 64) not later than June 26, 2015.

IT IS SO ORDERED.

Dated:   June 5, 2015                           /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE