1

2

3

4

5

6  UNITED STATES DISTRICT COURT

7  EASTERN DISTRICT OF CALIFORNIA

8

9  BRENT ADLER,

10            Plaintiff,

11      v.

12  F. GONZALEZ, et al.,

13            Defendants.

14

15

16

17

18

| | |
|---|---|
| CASE NO. 1:11-cv-1915-LJO-MJS (PC) | |
| **FINDINGS AND RECOMMENDATIONS TO:** | |
| **1)  DENY MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; AND** | |
| **2)  REQUIRE PLAINTIFF TO SUBMIT AN UPDATED FINANCIAL AFFIDAVIT** | |
| **(ECF No. 68)** | |
| **OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** | |

19

20      **I.**      **PROCEDURAL HISTORY**

21        Plaintiff is a former state prisoner who initiated this civil rights action *pro se* and *in*

22  *forma pauperis* on November 17, 2011. (ECF No. 1.) Plaintiff since has been released

23  from prison and obtained counsel. (ECF Nos. 36 & 51.) This action proceeds against

24  Defendants on Plaintiff's First Amendment Free Exercise claim. (ECF Nos. 37, 38, 59,

25  62.)

26        On April 10, 2015, Defendants filed a motion to revoke Plaintiff's *in forma*

27  *pauperis* (IFP) status. (ECF No. 68.) Plaintiff did not file an opposition or otherwise

28

respond.

## II.    DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, distinguishes unincarcerated indigent people from incarcerated ones. Under § 1915(a)(1), a non-prisoner plaintiff may file suit without prepaying fees, provided he or she submits an affidavit demonstrating "that the person is unable to pay such fees or give security therefor." Escobedo v. Applebees, -- F.3d --, at *5 (9th Cir. 2015); Ingle v. Cir. City Stores, Inc., 328 F.3d 1165, 1177 (9th Cir. 2003). An indigent prisoner, by contrast, is not exempt from prepayment. 28 U.S.C. § 1915(b)(1). Instead, the prisoner must submit a copy of his or her trust account statement, make an initial upfront payment, followed by subsequent monthly installments, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(1)-(2).

Most circuits agree that a released prisoner may proceed under the non-prisoner provisions of the IFP statute after submitting an updated poverty affidavit, although there is disagreement about whether the prisoner remains liable for the portions of the fee owed prior to release. Compare DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003)(finding that "a released prisoner should not have to shoulder a more difficult financial burden than the average indigent plaintiff in order to continue his lawsuit," and concluding that IFP status should be determined with reference to post-incarceration financial circumstances); In re Prison Litig. Reform Act , 104 F.3d 1131, 1139 (6th Cir. 1997)(citing McGann v. Soc. Sec. Admin. Comm'r, 96 F.3d 28, 30 (2d Cir. 1996) to conclude that "a released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners"); Brown v. Eppler, 725 F.3d 1221, 1231 (10th Cir. 2013)(finding lower court had discretion to determine extent of prisoner's obligation on portions of fee not paid prior to release); with

Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997)(indigent ex-prisoner liable for portions of fee owed while incarcerated; then is subject to § 1915(a)(1)); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)(same); see also Kellogg v. California, No. C 10-05802 2011 WL 768691, at *6 (N.D. Cal. Feb. 28, 2011) (terminating plaintiff's § 1915(b) application before ruling on it due to plaintiff's release, but offering him the opportunity to resubmit an application under § 1915(a)(1));  but see Gay v. Tex. Dep't of Corr., State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997)(finding that prisoners who have been released remain subject to prepayment obligation, and requiring full payment of fee upon release).

Here, the Court finds that the approach set forth by the McGann and DeBlasio courts seems most consistent with the statutory scheme: only indigent prisoners are required to *prepay* their fee; a released prisoner is not a prisoner, so assuming he remains indigent, his obligation to pre-pay should cease as well.  Therefore, the Court agrees that as a non-prisoner, Plaintiff may no longer be subject to the prepayment requirement.  He must, however, submit an updated IFP application if he wishes to continue to proceed *in forma pauperis* under § 1915(a)(1).

Revocation of Plaintiff's current IFP status, however, is not required.  Other than Plaintiff's retention of counsel (possibly on a contingent fee basis), the court has before it no evidence that Plaintiff is no longer a pauper.  A trial court has "particularly broad discretion" to grant or deny a prisoner-litigant pauper status. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990).  Moreover, a prisoner's application for IFP status is not automatically moot just because the prisoner is subsequently released. See Moore v. Maricopa Cnty. Sheriff's Office,  657 F.3d 890, 892 (9th Cir. 2011).

However, the Court must dismiss an action if it determines that "the allegation of

poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); see Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Samonte v. Frank, 517 F.Supp.2d 1238, 1244 (D. Hawai'i 2007); Whitsitt v. Amazon.com, No. 2:14-cv-416 2014 WL 897044, at *1 (E.D. Cal. Mar. 6, 2014). Here, Plaintiff's status has changed profoundly. Circumstances that undoubtedly contributed to his impoverishment, i.e., imprisonment, no longer exist. If Plaintiff wishes to continue to proceed IFP, he shall submit an application for IFP status that reflects his current financial circumstances.

### III.    CONCLUSION & RECOMMENDATION

Plaintiff's IFP status should not be revoked simply because Plaintiff has been released from prison. Accordingly, the Court HEREBY RECOMMENDS that:

1) Defendants' motion to revoke Plaintiff's IFP status (ECF No. 68) be DENIED;

2) Plaintiff shall have **thirty (30) days** from the date these findings and recommendations are adopted to :

    a. Submit an updated financial affidavit in accordance with 28 U.S.C. § 1915(a)(1); or

    b. Pay his outstanding obligation on the $400 filing fee in full; and

3) Failure to submit updated financial information or pay the filing fee shall result in dismissal of the action without prejudice for failure to prosecute and failure to obey a court order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

4

Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 30, 2015                    /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

5