UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>        Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-1915-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 74)** |

    Plaintiff is a former state prisoner who initiated this civil rights action *pro se* and *in forma pauperis* on November 17, 2011. (ECF No. 1.) Plaintiff has since been released from prison and obtained counsel. (ECF Nos. 36 & 51.) This action proceeds against Defendants on Plaintiff's First Amendment Free Exercise claim. (ECF Nos. 37, 38, 59, 62.)

    On June 30, 2015, the Magistrate Judge issued findings and recommendations to deny Defendants' motion for summary judgment. (ECF No. 74.) Defendants filed objections to the findings and recommendations on July 14, 2015. (ECF No. 76.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

The Court rejects Defendants' contention that Plaintiff has not adequately linked them to his claims. Plaintiff alleges that he was denied any opportunity for religious expression, including both chapel services and cell-front guidance. Because there remain disputed factual issues regarding Plaintiff's access to both of these religious activities, and Defendants admit their role in temporarily suspending Plaintiff's access to chapel services (ECF No. 76, at 3), Plaintiff has adequately linked them to his claims.

The Court also rejects Defendants' objection that their suspension of religious services during modified programming was constitutional because it was justified by security concerns. Plaintiff has alleged not only that he was denied access to chapel during modified programming, but also during normal programming. Disputes of fact remain as to whether there were alternatives to the complete suspension of chapel services, and whether chapel services continued to be suspended both after security threats had ceased and after normal programming had resumed.

Finally, the Court disagrees that Defendants are entitled to qualified immunity. As stated above, Plaintiff alleges that he was denied access to all opportunities for religious expression for two years and that Defendants were aware of the deprivation. As the Court previously noted, the unconstitutionality of a total ban on religious services is clearly established, so, taking Plaintiff's version of the facts as true, it would have been clear to a reasonable official in Defendants' position that such deprivation was unlawful. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008)..

Accordingly, it is HEREBY ORDERED that:

1) The Court adopts the findings and recommendations filed June 30, 2015 (ECF No. 74) in full;

2) Defendants' motion for summary judgment (ECF No. 64) is DENIED.

3) The case is to remain open.

IT IS SO ORDERED.

Dated: __**August 6, 2015**__            ____/s/ Lawrence J. O'Neill____
                                          UNITED STATES DISTRICT JUDGE

4)